IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Dearest Nathaniel Lovelace, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-00985-CV-W-HFS |
| LVNV Funding, LLC, | ) |
| Defendant. | ) |

**ORDER**

This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

Plaintiff Nathaniel Lovelace used his Sears Department Store Credit Card to purchase goods from Sears. Lovelace did not make the required payments on his credit card account. Defendant LVNV purchased defaulted accounts for the purpose of collecting unpaid balances, and included was Lovelace's Sears account. LVNV sued on the account and Lovelace now asserts that it violated the Fair Debt Collection Practices Act because the debt was time-barred.

Specifically, Lovelace's position is that in determining whether the debt was within the statute of limitation period, LVNV used Missouri's five-year general statute of limitations for credit card debt when it should have used the four-year statute of limitations contained in the Uniform Commercial Code for the breach of contract for sale. Lovelace goes on to argue that class action certification is appropriate for debts that LVNV attempted to collect in states where the statute of limitations for the credit card debt is longer than the four-year statute of limitations contained in the UCC for suits alleging "breach of any contract for sale." UCC, § 2-725.

Lovelace has identified ten states which fit this profile and up to 76 potential class members. Pending before the Court is Plaintiff's Motion for Class Certification.[1] (Doc. 30). Lovelace defines the proposed class as:

> All individuals against whom LVNV filed a lawsuit in the states of Hawaii, Illinois, Indiana, Michigan, Montana, Missouri, Ohio, South Dakota, Utah and Washington, for the collection of alleged consumer debts, arising from the use of a Sears department store card more than four years after the accrual of the statute of limitation on that claim, under Article II, § 725 of the Uniform Commercial Code during the time period of October 10, 2012, to the present.

Class actions are governed by Federal Rule of Civil Procedure 23 which is "designed to further procedural fairness and efficiency." Shady Grove Orthopedic Assocs. .v. Allstate Ins. Co., 559 U.S. 393, 402 (2010). Rule 23 ( c)(1)(A) requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Under Federal Rule 23(a) the proposed class must first satisfy the requirements of numerosity, commonality, typicality, and fair and adequate representation. Second, the proposed class must meet at least one of the three requirements of Rule 23(b). Barfield v. Sho-Me Power Elec. Coop, 2013 WL 3872181 (W.D. Mo.).

In deciding a motion for class certification, the court conducts a "limited preliminary inquiry" that looks behind pleadings only so far as to determine whether, given the factual setting of the case, the plaintiffs general allegations are true, common evidence could suffice to make out a prima facie case for the class. Janson v. Legalzoom.com, Inc., 271 F.R.D. 506, 509-10 (W.D. Mo. 2010). Plaintiffs bear the burden of demonstrating Rule 23's requirements are satisfied. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir 1994). The Court is required to conduct a

---

[1] This action was originally consolidated with the case of Terry Perry v. LVNV Funding, LLC, No. 13-00139. The claim in the Perry case was identical to the claim here except that Perry used a Montgomery Ward credit card. After Perry filed a notice of non-pursuit of Class Action Certification, the cases were unconsolidated.

"rigorous analysis" that entails looking behind the pleading and ascertaining the nature of Plaintiffs' claims as well as the nature of the evidence. The Court is not permitted to resolve the merits, but "frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiffs' underlying claims." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011).

Lovelace argues that he has satisfied the numerosity, commonality, typicality, and fair and adequate representation requirements or Rule 23(a). Lovelace also contends that he has satisfied the Rule 23(b)(3) requirement that common questions of law or fact predominate over questions affecting only individual members and that a class action would be superior to other available methods of adjudicating the controversy. Defendants' briefing specifically challenges numerosity and commonality.

Lovelace begins his analysis by saying that Rule 23's numerosity requirement is easily satisfied because he has identified at least 76 consumers who were sued by LVNV on a Sears Card debt more than four years after their last payment, and another 102 consumers for whom additional information will be reviewed to determine whether they fit the class definition. Plaintiff believes that the proposed class meets the commonality requirement because the question of whether the UCC's four-year statute of limitations applies to the Sears card debts is a common question that links the class members. LVNV responds that none of the Rule 23 requirements are satisfied and that the proposed class would include consumers who would be collaterally attacking a state court judgment in federal court and this would be precluded by the Rooker-Feldman doctrine and the doctrine of res judicata.

The analysis of numerosity and commonality often overlap and for the purpose of this Order, the two will be analyzed together. The Supreme Court in Wal-Mart Stores, Inc., 131 S. Ct. at 2551, addressed the issue of commonality:

> Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law. . . . Their claims must depend upon a common contention . . . that is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

The Eighth Circuit has held that commonality required an issue (1) linking the class members (2) that was substantially related to the litigation's resolution. DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995).

Lovelace identifies the common question as whether the UCC's four-year statute of limitations applies to the Sears Credit Card debts. Lovelace argues that commonality is established because the allegations are that class members were sued on a time-barred debt because LVNV applied the wrong statute of limitations. For support, Lovelace relies on a case out of the Seventh Circuit, Phillips v. Asset Acceptance, LLC, 736 F.3d 1076 (7th Cir. 2013). In that case, Judge Posner certified a class of consumers who brought claims under the Federal Debt Collections Act. Judge Posner held that the statute of limitation on the sale of natural gas was governed by the Illinois four-year statute of limitations on sales contracts, not the five year statute of limitations for suits on unwritten contracts, and a class was certified of consumers who were improperly sued using the five year statute of limitations.

This case is presented on a somewhat different platform than Phillips. In Phillips there was a determination made that the statute of limitations on the sale of natural gas was governed by Illinois four-year statute of limitations. 736 F.3d at 1081. Here, there has been no determination as to the appropriate governing statute of limitations other than the UCC provision in the cited states that deal with sales contracts, and the inference that sales by Sears gave rise to the debts. Lovelace's authority that the four-year state of limitations applies is a case from the

Northern District of Illinois which held that collection of a debt arising from use of a Montgomery Ward store credit card was governed by the U.C.C.'s four- year statute of limitations for the sale of goods. Taylor v. Unifund Corp, 2001 WL 1035717 (N.D. Ill. 2001). But recent authority points out that merchants that issue credit cards may finance transactions through lenders, arguably creating the lenders, not merchants, as the contracting parties and thus subject to other provisions of the UCC. *See* discussion of a "tripartite relationship" in Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp., 2015 WL 8331908, at *5 (M.D. Pa).

Without development of the facts, and briefing on the question, it is premature to speculate on how financing of sales by Sears is handled, and whether there is an independent financing situation throughout the nation (thus in all the states that Lovelace seeks to deal with in this litigation). Incidentally, the question of whether we have a "tripartite relationship" here, and how it is structured, may be critical to the merits. *Compare* Fulk v. LVNV Funding, LLC, 55 F.Supp.3d 967, 971 (E.D. Ky. 2014).

Brief research suggests that, for a period that may be relevant, a wholly owned entity known as Sears National Bank was arguably the sole creditor, rather than the merchant, Sears Roebuck and Co. In re Derienzo (Derienzo v. Sears, Roebuck and Co., and Sears National Bank), 254 B.R. 334 (Bkr. M.D. Pa., 2000). On the other hand, there may be cases which treat the subsidiary bank as an alter ego for the merchant. Sears, Roebuck and Co. v. Conry, 748 N.E.2d 1248 (Ill. App. 2001). Superficially the latter situation argues for the four-year statute while the former does not.

The statute of limitations question was presented, but not decided, in this Court's earlier ruling on a motion to dismiss filed in the companion case, Perry v. LVNV Funding, No. 13-9085 (W.D. Mo). LVNV argued in its motion to dismiss that the debt arose out of a contract for

credit, not the sale of goods. LVNV stated that the timeliness of the debt collection was governed by the five-year limitations period of Mo. Rev. Stat. Section 516.120 ( "all actions upon contract, obligations or liabilities, express or implied" ), not the four-year period of the UCC governing a contract for sale. Mo. Rev. Stat. § 400.2-725.(1) ("[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued"). Because there was no evidence as to the underlying credit card arrangements, there was no method for analyzing the nature of the underlying debt which LVNV attempted to collect.[2] The shortcomings outlined in the motion to dismiss further highlight the current deficiencies of the proposed class. See Capital One Bank v. Creed, 220 S.W. 3d 874,878 (Mo.App.S.D. 2007) ("running of the statute of limitations is a question of law although there may be questions of fact from which contradictory or differing conclusions may be drawn").

Lovelace also admits that "there remains a theoretical possibility that LVNV may be able to assert a preclusion defense to certain of the class members claims if the statue of limitations issue underlying this FDCPA case was litigated in a prior action and resolved in LVNV's favor." (Doc. 34, Reply Br. at 7). This may not be ultimately fatal to class certification, if a sub-class were established or the class were defined in a manner to exclude debtors who previously litigated the issue of untimeliness.[3]

Lovelace correctly asserts that since this claim is brought under the Fair Debt Collection Act it is therefore an independent cause of action that seeks affirmative relief and is not a

---

[2] I am aware of deposition references to the original creditor as Sears National Bank, not the merchant, absent an alter ego relationship. There are also references to a merger with Citibank, which might support claims that the real party in subsequent credit card transactions was an independent bank rather than the merchant -- and that this changed the applicable statute of limitations.

[3] Because we are dealing with persons unable to pay merchandise debts one might suppose that litigation of the issue was rarely examined. This is not a situation that invites rigorous individual litigation - a point favoring ultimate certification of a class.

collateral attack seeking relief from a prior judgment.  See Hageman v. Barton, 817 F.3d 611 (8th Cir. 2016). This eliminates the alleged Rooker-Feldman problem by defendants.  Similarly, if there were default judgments, or no actual contest over timeliness, no res judicata or issue preclusion defense would be sound. Jenkins v. General Collection Co., 538 F.Supp.2d 1165, 1171 (D. Neb. 2008).

While it does seem premature to create a class in the absence of clarification of whether Sears or an outside lender or independent party was the initial creditor for Lovelace and the other members of the proposed class, I am cognizant that similar situations have been deemed worthy of certification. McMahon v. LVNV Funding, LLC, 807 F.3d 872 (7th Cir. 2015). Thus, a renewed motion may be appropriate.

Class action certification is DENIED (Doc. 30) without prejudice.[4]

/s/ Howard F. Sachs
HOWARD F. SACHS
United States District Court Judge

July 13, 2016
Kansas City, Missouri

---

[4] Counsel should be aware that I generally prefer to delay certification when a ruling on the merits is comparatively simple and expeditious – for instance if the defendants has a compelling "tripartite relationship" issue that would avoid the four year statute. It seems undesirable to "entrap" members of a class in a losing cause.  If I have raised a controlling issue, presumably defendant could promptly file an adequately supported motion for summary judgment.